IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | 4:21CR3020 |
|---|---|
| Plaintiff, | |
| vs. | UNITED STATES' BRIEF SUPPORTING USE OF RULE 404(b) AND RULE 414(a) EVIDENCE |
| JOHN W. BURTON, | |
| Defendant. | |

Comes now the United States of America, by and through the undersigned attorney, and hereby provides this brief supporting the Government's intent to introduce evidence, pursuant to Fed. R. Evid. 404(b) and 414(a), in its case against Defendant John W. Burton (hereafter "Burton"). As set forth below, the Government intends to offer evidence of Burton's prior conviction in Missouri for sexually assaulting a child who was less than 14 years old.

## **Background**

Burton is charged in Count One with possession of child pornography, and in Count Two with intent to access child pornography, both in violation of in violation of 18 U.S.C. § 2252(a)(4)(B). (Filing 1) The indictment also alleges that Burton has a prior state conviction "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward[.]" (Filing 1) His prior conviction results in a statutory mandatory minimum sentence of at least ten years. 18 U.S.C. § 2252.

**I.     The Charged Conduct**

Law enforcement in England sent a lead to the FBI informing them that on April 17, 2019, an IP address, determined to be assigned to Burton's home, accessed a website through the Tor network where child pornography files were accessed. Once the IP address was verified, a search warrant was obtained and executed on November 17, 2020, at Burton's residence. Several devices were seized. A subsequent examination of the seized devices revealed numerous images and videos of child pornography, as well as evidence of accessing a child pornography website through the Tor network. Some of the other files on the computer provided evidence that John Burton utilized the computers, including a picture of Burton's identification.

Burton was living with his father at the time the search warrant was executed. After Burton's arrest, his father died. The government anticipates Burton will be arguing at trial that someone else accessed the computers and is responsible for the child pornography, including the possibility that his deceased father was the culprit. The government will be introducing evidence that the metadata is consistent with the files created or saved before Burton was taken into custody for his prior conviction, as well as after his release for his last offense. Burton has retained a computer forensic expert, Shawn Kasal, who will testify that the metadata shows that some files were accessed at times when Burton was in custody. (The government disputes his findings.) The focus of the trial will be on whether Burton is the person who is responsible for the child pornography, or whether it was some other person.

## II. Defendant's Prior Acts

As shown in the government's exhibits submitted with this brief, Burton was convicted of "Statutory Sodomy – 1st Degree – Deviate Sexual intercourse With a Person Less Than 14 [Years] Old." (Government's Exhibit A, p. 2; Filing 53-1) The factual basis given and agreed to by the defendant shows that he touched the genitals of a 12- or 13-year-old female. (*Id.*, p. 4) Additional details are provided in the probable cause statement. (*Id.*, p. 8)

As a result of his conviction, Burton was sentenced to fifteen years imprisonment. (*Id.*, p. 2) Records received from Missouri's Department of Corrections show that his sentence began on February 15, 2007. (Government's Exhibit B, p. 4; Filing 53-2) He was released on parole on February 14, 2018. (Government's Exhibit B, p. 3) He was returned to custody for a parole violation on January 5, 2021. (*Id.*)

## Discussion

### I. Evidence of Burton's Prior Conviction is Admissible Under Rule 404(b).

Evidence of a prior crime, wrong, or other act is not admissible under Rule 404(b) "solely to prove the defendant's criminal disposition," *i.e.*, to show that the defendant acted in conformity with a prior bad act. *United States v. Shoffner*, 71 F.3d 1429, 1432 (8th Cir. 1995). But the evidence can be admissible to show "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident" in connection with the charged offense. Fed. R. Evid. 404(b)(2); *see, e.g., United States v. Ellis*, 817 F.3d 570, 579–80 (8th Cir. 2016); *United States v. Gipson*, 446 F.3d 828, 831 (8th Cir. 2006); *United States v. Howard*, 235 F.3d 366, 372 (8th Cir. 2000). Another

3

permissible purpose is when the conduct at issue involves a "unique signature of facts" and the other-acts evidence is admitted to show that the same person committed both crimes or to show a "common plan or scheme." *United States v. Oman*, 427 F.3d 1070, 1075 (8th Cir. 2005); *see also Gipson*, 446 F.3d at 831. "[W]e construe Rule 404(b) as a ***rule of inclusion*** and have frequently upheld the admission of prior ... convictions in cases where the defendant denied committing the charged ... offense." *United States v. Pierson*, 544 F.3d 933, 940 (8th Cir. 2008) (emphasis added) (quoting *United States v. Cook*, 454 F.3d 938, 941 (8th Cir. 2006)); *see also United States v. Croghan*, 973 F.3d 809, 820 (8th Cir. 2020) ("Rule 404(b) is thus a rule of inclusion rather than exclusion and admits evidence of other crimes or acts relevant to any issue in the trial, unless it tends to prove only criminal disposition.") (Quoting *United States v. Heidebur*, 122 F.3d 577, 579 (8th Cir. 1997)).

To be admissible under Rule 404(b), the proffered other-acts evidence must be (1) relevant to a material issue; (2) proved by a preponderance of the evidence; (3) similar in kind and close in time to the charged offense; and (4) higher in probative value than in prejudicial effect. *Gipson*, 446 F.3d at 831 (citing *United States v. Vieth*, 397 F.3d 615, 617–18 (8th Cir. 2005)). Evidence is relevant if it tends to make a fact more or less probable, and the fact is of consequence in determining the action. Fed. R. Evid. 401; *see also United States v. Free*, 976 F.3d 810, 813 (8th Cir. 2020). Notably, the threshold for relevance is "quite minimal." *United States v. Wright*, 993 F.3d 1054, 1061 (8th Cir. 2021), cert. denied, 142 S. Ct. 259 (2021) (citing *United States v. Croghan*, 973 F.3d 809, 823–24 (8th Cir. 2020)); *United States v. Farlee*, 757 F.3d 810, 821 (8th Cir. 2014).

A district court's ruling under Rule 404(b) will be reversed only "when such evidence clearly had no bearing on the case and was introduced *solely* to prove defendant's propensity to commit criminal acts." *Howard*, 235 F.3d at 372 (quoting *United States v. Brown*, 148 F.3d 1003, 1009 (8th Cir. 1998)) (emphasis added). "Thus, although 'all Rule 404(b) evidence is inherently prejudicial, the test [for exclusion] under Rule 403 is whether its probative value is *substantially* outweighed by the danger of *unfair* prejudice.'" *United States v. Pierson*, 544 F.3d 933, 940 (8th Cir. 2008) (emphasis in original) (quoting *Cook*, 454 F.3d at 941). Evidence that Burton has a prior conviction for sexually assaulting a minor satisfies all the requirements for admission under Rule 404(b).

### A. **Defendant's Prior Conduct is Relevant and Similar to the Charged Offenses.**

The defendant's prior conviction for sexually assaulting a minor is similar to his present charge of possession, and attempting to access, child pornography. The Eighth Circuit has held that images of child erotica, while not illegal, can be admissible at trial for the same reason.

> We held that the child erotica images were admissible under Rule 404(b). *Id.* at 962. We explained that "[t]he child erotica images [were] ... relevant to establish a motive for possessing child pornography and rebut claims of accident or mistake." *Id.* at 961 (citing *United States v. Vosburgh*, 602 F.3d 512, 538 (3d Cir. 2010) (finding the possession of child erotica suggested that the defendant "harbored a sexual interest in children, and tended to disprove any argument that he unknowingly" or accidentally possessed child pornography images); *United States v. Hansel*, 524 F.3d 841, 846 (8th Cir. 2008) (finding possession of child erotica, as part of the totality of the circumstances, can establish probable cause that defendant had child pornography on his computer)).

5

*United States v. Croghan*, 973 F.3d 809, 820–21 (8th Cir. 2020); *see also United States v. Fechner*, 952 F.3d 954, 962 (8th Cir. 2020) ("[C]hild erotica's location in the same place where deleted child pornography hash values were found, and evidence that child erotica had to be manually moved to the SD card, was relevant to the jury's determination of whether Fechner knowingly possessed child pornography.").

Burton's theory of the case adds further relevance to his prior conviction. The government anticipates Burton will argue that some other person, including potentially his now deceased father, was responsible for putting the child pornography files on the devices, and accessing child pornography websites via the Tor network. In *United States v. Bartunek*, 969 F.3d 860, 863 (8th Cir. 2020), the government offered into evidence photographs of four life-sized dolls of children which the defendant possessed. The defendant was charged with child pornography offenses, and he argued at trial that someone else committed the offenses.

> The government bore the burden to establish that Bartunek knowingly possessed and distributed the child pornography. Especially in light of Bartunek's theory of defense that someone else was responsible for the images, the district court properly determined that the probative value of the doll evidence was not substantially outweighed by unfair prejudice. We therefore conclude that the district court's admission of the photographs was not reversible error.

*Bartunek*, 969 F.3d at 863.

Furthermore, the government believes the metadata associated with the files will show that child pornography material was saved before he was last confined for the prior offense, and after his release. That timing will further demonstrate that Burton was the person responsible for possessing and accessing child pornography material.

6

Moreover, the other-acts evidence is relevant to Burton's state of mind. As to Count One, the government must prove that Burton "knowingly" possessed child pornography. (Filing 1, at ECF p. 1) And for Count Two, the government must prove that Burton "knowingly" accessed child pornography. (*Id.* at ECF p. 2) Burton's plea of not guilty to those charges places his intent squarely at issue. *See United States v. Hill*, 638 F.3d 589, 592 (8th Cir. 2011) ("The appellant put his knowledge and intent at issue by pleading not guilty and requiring the government to prove his guilt beyond a reasonable doubt."); *Gipson*, 446 F.3d at 831 ("A general denial defense places the defendant's state of mind at issue."); *see also United States v. Walker*, 470 F.3d 1271, 1274 (8th Cir. 2006). That Burton previously engaged in similar conduct shows that his conduct here was intentional and not the result of any accident. That too is a permissible, non-propensity, purpose for which the proffered evidence should be admitted under Rule 404(b).

Burton's prior conviction for sexually assaulting a child speaks to several of the permitted uses or prior acts evidence. His sexual interest in children demonstrates his motive, intent, and knowledge. His prior conviction is further probative on the issue of identity in light of his defense that someone else must have committed the offense. And his prior conviction further shows that his possession and accessing of child pornography was not a mistake or an accident.

B. **The Proffered Evidence Will Be Sufficient.**

As discussed, to be admissible, the other acts must be proven by a preponderance of the evidence. Here, the Government intends to present a certified copy of Burton's

7

prior conviction, and certified copy of records from the Missouri Department of Corrections, which includes a photograph of Burton, to show that he was the one convicted of the offense. (See Government's Exhibits A and B.) As the exhibits show, Burton pleaded guilty to the offense. His admission, having been accepted by a court, certainly surpasses the preponderance standard.

### C. **<u>Defendant's Prior Conviction is Recent and Not Remote.</u>**

The prior incidents are not far removed in time from the charged conduct. When determining the remoteness of prior acts, courts apply a reasonableness standard to the facts and circumstances of each case. *United States v. Franklin*, 250 F.3d 653, 659 (8th Cir. 2001). In this case, the evidence at trial will show that the child pornography files Burton possessed were acquired both before he was taken into custody for his last offense, and after his release on parole. Records received from Missouri's Department of Corrections show that his sentence began on February 15, 2007. (Government's Exhibit B, p. 4) He was released on parole on February 14, 2018 (Government's Exhibit B, p. 3), and he returned to custody for a parole violation on January 5, 2021. (*Id.*) The search warrant in this case, which resulted in agents seizing several devices which contained child pornography, occurred on November 17, 2020. He acquired the material both before and after he was in custody for his last offense, and his offense ceased with the execution of the search warrant within a couple of years of his release.

Courts have found acts even older than ten years admissible under Rule 404(b). *See*, *e.g.*, *United States v. Halk*, 634 F.3d 482, 487–88 (8th Cir. 2011) (upholding the district court's admission of a crime that took place approximately 19 years before the

instant offense); *United States v. Strong*, 415 F.3d 902 (8th Cir. 2005) (upholding district court decision to admit other-acts evidence occurring more than 13 years prior to the charged offense); *United States v. Adams*, 401 F.3d 886, 894 (8th Cir. 2005) (upholding admission of 1986 drug conviction where the charged offense was committed in 2001); *United States v. Williams*, 308 F.3d 833, 836–37 (8th Cir. 2002) (upholding district court's admission of a prior robbery offense committed 20 years before the offense on trial). Here, Burton's instant offense concluded within a couple of years of his release from custody for the conviction the government seeks to admit. Accordingly, the prior act the Government seeks to introduce was not too remote in time.

### D. **The Probative Value of the Other-Acts Evidence is Not Substantially Outweighed by the Danger of Unfair Prejudice.**

"Relevant evidence in a child pornography case often is disturbing, yet 'that alone cannot be the reason to exclude the evidence.'" *Bartunek*, 969 F.3d at 863 (quoting *United States v. Evans*, 802 F.3d 942, 946 (8th Cir. 2015)). As discussed, courts may exclude relevant other-acts evidence if its probative value is substantially outweighed by, among other things, a danger of unfair prejudice. Fed. R. Evid. 403. For purposes of Rule 403, unfair prejudice means "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Condon*, 720 F.3d 748, 755 (8th Cir. 2013) (quoting *Firemen's Fund Ins. Co. v. Thien*, 63 F.3d 754, 758 (8th Cir. 1995)). Evidence is unfairly prejudicial not because it tends to prove guilt, but rather "because it tends to encourage the jury to find guilt from improper reasoning." *United States v. Muhlenbruch*, 634 F.3d 987, 1001 (8th Cir. 2011) (quoting

*United States v. Farrington*, 499 F.3d 854, 859 (8th Cir. 2007)); *see also Condon*, 720 F.3d at 755. The "trial court is given a great deal of discretion" in determining whether proffered evidence violates Rule 403's balancing test. *Id.* (quoting *United States v. Witschner*, 624 F.2d 840, 846 (8th Cir. 1980)).

As detailed above, Burton's prior conviction is probative on issues such as his motive, opportunity, intent, plan, knowledge, identity, absence of mistake or lack of accident. Fed. R. Evid. 404(b)(2). As such, his prior conviction is admissible under Rule 404(b)(2). "[W]e… have frequently upheld the admission of prior ... convictions in cases where the defendant denied committing the charged ... offense." *Pierson*, 544 F.3d at 940 (quoting *Cook*, 454 F.3d at 941).

To the extent the Court deems it necessary to protect against the risk of any unfair prejudice, it can instruct the jury on the permissible bases for considering the other-acts evidence. The Eighth Circuit has repeatedly found that such limiting instructions provide sufficient protection to a defendant, while allowing the Government, which carries the high burden of proof beyond a reasonable doubt, to use this probative evidence in its case-in-chief. *See*, *e.g.*, *United States v. Yielding*, 657 F.3d 688, 701 (8th Cir. 2011) (noting that any prejudice was remedied by the use of a limiting instruction); *United States v. Golding*, 833 F.3d 914, 918 (8th Cir. 2016) ("A jury is presumed to follow its instructions … and therefore the use of a limiting instruction decreases the danger that unfair prejudice will result from admission of evidence."); *Hill*, 638 F.3d at 592 ("Moreover, the court's limiting instruction … minimized any prejudicial effect[.]").

## II.     Evidence of Burton's Prior Conviction is Admissible Under Rule 414(a).

Burton's prior conviction for sexually assaulting a child is also admissible under Fed. R. Evid. 414(a). Pursuant to that rule, "[i]n a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation." Fed. R. Evid. 414(a). Here, the charged crime of possession of child pornography, and intent to access child pornography, fall under Rule 414's definition of "child molestation." Fed. R. Evid. 414(d)(2)(B); 18 U.S.C. § 2252. "If evidence falls under Rule 414(a), it can be used for any relevant purpose, including propensity to commit the offense and a sexual interest in minors." *United States v. Schave*, 55 F.4th 671, 677 (8th Cir. 2022). *See also United States v. Splettstoeszer*, 956 F.3d 545, 547 (8th Cir. 2020); and *United States v. Bartunek*, 969 F.3d 860, 864 (8th Cir. 2020). "Rule 414 reveals a 'strong legislative judgment that evidence of prior sexual offenses should ordinarily be admissible.'" *Schave*, 55 F.4th at 677 (quoting *United States v. LeCompte*, 131 F.3d 767, 769 (8th Cir. 1997)).

A district court must balance admissible evidence under Rule 414 with Rule 403. *Schave*, 55 F.4th at 678. As shown above, Rule 403 only applies to exclude evidence that is unfairly prejudicial, that is evidence that creates "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Condon*, 720 F.3d at 755 (quoting *Thien*, 63 F.3d at 758). "Evidence of propensity admitted under Rules 413 and 414 is not an 'improper basis' upon which a jury could rely, and thus not unfairly prejudicial in this case." *United States v. Weber*, 987 F.3d 789, 793 (8th Cir. 2021). *See also Bartunek*, 969 F.3d at 864 ("Rule 414(a) permits evidence

11

that shows the defendant's character or propensity to commit certain acts in a child molestation case, so any prejudice to Bartunek from S.P.'s testimony was not 'unfair' within the meaning of Rule 403."); *United States v. Gabe*, 237 F.3d 954, 960 (8th Cir. 2001) ("Because propensity evidence is admissible under Rule 414, this is not unfair prejudice.")

The execution of the search warrant in the instant case occurred within a couple of years of Burton's release from custody for his sexual assault offense. Even if there had been a greater gap in time between his prior conviction and the instant offense, that would not create unfair prejudice. "That the events occurred nearly twenty years before trial did not establish unfair prejudice. Congress placed no time limit on admissibility of evidence under Rule 414, and this court has concluded that twenty-year-old evidence of child molestation can be probative and admissible where, as here, it is similar to the charged offense." *Bartunek*, 969 F.3d at 864 (citing *Gabe*, 237 F.3d at 960).

Burton sexually assaulted the victim in his prior case in 2004 or 2005. (Government's Exhibit A, p. 4.) Considering the victim's date of birth as shown in the factual basis, the victim would have been 12 or 13 years old at the time of the assault. (*Id.*) The case agent produced a report describing some of the images and videos found on Burton's devices. Nine devices were found to contain child pornography, and a total of 3,214 such images and videos were located. Some of the files depict victims of a similar age to the victim in Burton's Missouri case. Burton admitted to having touched the genitals of the victim in his Missouri case. (*Id.*) Some of the child pornography material also depicts minors being sexually assaulted by adults. In those respects,

Burton's prior offense shares similarities with what is depicted in the child pornography found on his devices.

Considering those similarities, the probative value of Burton's prior conviction is clear. Evidence admitted under Rule 414 "may be considered on any matter to which it is relevant." Fed. R. Evid. 414(a). Burton's prior conviction shows "his sexual interest in children as well as his motive, intent, and knowledge in receiving and possessing child pornography." *United States v. Knight*, 836 F. App'x 462, 463 (8th Cir. 2021) (unpublished). In light of the defense Burton plans to present, his prior conviction further speaks to the issue of identity. *See also United States v. Emmert*, 825 F.3d 906, 909 (8th Cir. 2016) ("[E]vidence that [the defendant] sexually abused [two girls] is probative of [his] interest in underage girls.... In this way, [the defendant]'s prior conduct shows he has a propensity for exploiting young girls and connects him to the pornographic images found on his hard drive."). "We have affirmed a district court's admission of Rule 414 evidence of prior sexual abuse of minor females in a child pornography case because the abuse was probative of the defendant's interest in underage girls. *Id.* In doing so, we relied on the similar ages of the sexual abuse victims and the girls depicted in the child pornography." *Schave*, 55 F.4th at 677.

## **Conclusion**

For the above stated reasons, the government requests that this court admit evidence of Burton's prior conviction for sexually assaulting a minor as the evidence is admissible under Rules 404(b) and 414(a).

Respectfully submitted this 27th day of January 2023,

                UNITED STATES OF AMERICA, Plaintiff

                STEVEN A. RUSSELL
                United States Attorney
                District of Nebraska

By: _____
                MATTHEW R. MOLSEN, #22693
                Assistant U.S. Attorney
                487 Federal Building
                100 Centennial Mall North
                Lincoln, NE 68508-3865
                Tel: (402) 437-5241
                Fax: (402) 437-5390
                E-mail: Matthew.Molsen@usdoj.gov