IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:21 Cr 3020 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | DEFENDANT'S BRIEF IN |
| | ) | SUPPORT OF MOTION *IN LIMINE* |
| JOHN W. BURTON, | ) | TO EXCLUDE EVIDENCE OF |
| | ) | PRIOR BAD ACTS |
| Defendant. | ) | |

**COMES NOW** Defendant, JOHN W. BURTON, by and through counsel, Mona L. Burton and hereby submits this Brief in support of his Motion *In Limine* seeking exclusion of his prior conviction for Statutory Sodomy-1st Degree-Deviant Sexual Intercourse with a Person Less than 14. The Defense anticipates the government will offer court documents related to the Missouri conviction as indicated in its notice (Filing 53-1). However, as discussed below, recent discovery highlights Mr. Burton's factual description in response to law enforcement questioning. While not included in the government's notice, this evidence should likewise be excluded.

## BACKGROUND

Mr. Burton is charged with two (2) counts: Count 1, Possession of Child Pornography, and Count II Intent to Access Child Pornography pursuant to 18 U.S.C. § 2252 (a)(4)(B). (Filing 1)

Mr. Burton was on parole at the time the government executed a search warrant on November 17, 2020. At this time, he was living with his 88-year-old father. Mr. Burton's father passed away sometime after the search. Mr. Burton had been convicted of Statutory Sodomy-1st Degree-Deviant Sexual Intercourse with a Person less Than 14. (Government's Exhibit A, p. 2;

Filing 53-1) Mr. Burton's sentence began on February 15, 2007, and he was released on parole to his father's home on February 14, 2018. (Government's Exhibit B, p. 3-4; Filing 53-2) Mr. Burton returned to custody in Missouri for a parole violation on January 5, 2021. (Government's Exhibit B, p. 2-3; Filing 53-2)

Law enforcement seized a number of devices containing images of child pornography. As indicated in the government's Brief in support of its use of FRE 404 and 414 evidence, Mr. Burton has retained a computer forensic expert, Shawn Kasal. Shawn Kasal's analysis indicates the metadata will establish some of the files at issue could not have been accessed by Mr. Burton. It is anticipated the government will concede this.

The government must prove Mr. Burton knowingly possessed the images and knowingly intended to access child pornography. The government intends to prove intent by introducing evidence of Mr. Burton's prior conviction under FRE 404(b) and 414.

## DISCUSSION

This Court should exclude evidence related to Mr. Burton's prior conviction because any probative value is substantially outweighed by dangers of unfair prejudice, confusion of the issues, and misleading the jury.

The government's Notice references documents related to Mr. Burton's prior Missouri conviction. The certified conviction contains much more than the judgement and sentence imposed by the court. The government intends to offer the "Petition to Enter Plea of Guilty" which includes Mr. Burton's hand written statement discussing the specifics of his conduct as well as a "Probable Cause Statement" including the hearsay statements of the victim and the victim's mother. (Government's Ex. A, p. 4 and 8) The undersigned recently received a

2

transcript of law enforcement's questioning of Mr. Burton. The questioning included inquiry into the prior conviction, specifically requesting Mr. Burton to describe the facts surrounding the conviction. It is unclear whether the government seeks to introduce Mr. Burton's statements pursuant to the Notice.

Other acts evidence is not admissible to prove propensity to commit the charged crime, but under FRE 404(b) bad-acts evidence may be admissible for other listed purposes (i.e. identity as proposed by the government).

However, FRE 414 provides an exception where the charged crime is one of "child molestation" as defined under FRE 414. *United States v. Luger,* 837 F.3d 870, 873-74 (8th CIR. 2016). Analysis under both FRE 404(b) and 414 must be checked by FRE 403, mandating otherwise admissible propensity evidence be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. *Id.* at 874.

> Though [FRE 414] reflects a strong legislative judgment that evidence of prior sexual offenses should ordinarily be admissible, the prior offenses must be similar enough to the charged offense to be probative of the Defendant's propensity to commit that specific offense…The District Court is required to conduct a careful analysis of the prior offenses to determine they are in fact probative of propensity and are not overly prejudicial.

*Id.* The Court is required "to discount the probative value of the disputed evidence if it poses a risk of unfair prejudice in and evidentiary alternative has equal or greater probative value." *United States v. McCourt*, 468 F.3d 1088, 1091 (8th CIR. 2006). Striking the right balance is case-specific and individualized, though the Supreme Court has provided guidance. *See Old Chief v. United States,* 519 U.S. 172 (1997). Circuit courts have relied on *Old Chief* when analyzing evidence under FRE 403. *See e.g, United States v. Rogers,* 587 F.3d 816, 822023

(7th Cir. 2009) (bad-acts evidence may be excluded under FRE 403 where the jury may be "appalled by a prior crime" rather than persuaded the defendant committed the crime charged or convict because the jury believes the defendant should be punished). *See also United State v. Jones,* 748 F.3d 64, 71 (1st Cir. 2014); *United States v. Guardia,* 135 F.3d 1326, 1330-31 (10th Cir. 1998).

Rule 403 requires courts to balance: (A) the purpose and/or relevance of the bad-acts evidence; (B) its probative value for that purpose in light of evidentiary alternatives; and (C) its likely prejudicial effect, confusion of issues, and the like. "Rule 404(b) evidence is inherently preducial[.]" *United States v. Cook,* 454 F.3d 938, 941 (8th Cir. 2006). Prejudicial evidence has been defined, in part, as evidence which "appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or cause[s] a jury to base its decision on something other the established propositions in the case." Weinstein, *Federal Evidence,* § 403(3) at 403-36.

Here, any probative value is outweighed by the unfair prejudice this evidence presents. The prior conduct the government intends to use, especially the conduct as reflected in Mr. Burton's own words (assuming the government intends to use these statements which are not included in its Notice) is inherently inflammatory and potential jurors will likely find repulsive. After hearing the evidence, the jury may discount any consideration of Mr. Burton's defense, and not hold the government to its burden, instead believing he is a bad person and should be punished. This is exactly what FRE 403 is intended to prevent. Thus, any probative value is substantially outweighed by the prejudice. The evidence should be excluded.

Of course, the government notes Rule 414 carries a presumption in favor of admission. Taking this position to its logical result would mean prior conduct could never be excluded under

a Rule 403 balancing analysis. However, under *McCourt*, this Court must conduct a careful analysis of the prior offense. Rule 403 cannot be discounted, even under the expansive nature of FRE 414. Rule 403 plays a crucial role in determining whether prior bad acts under both FRE 404 and 414 present an unfair prejudice. The 8th Circuit has noted FRE 414 is not a license to allow "unfettered" other acts evidence. *United States v. Strong*, 826 F 3d 1109, 1113 (8th CIR. 2016).

The government argues this evidence is relevant and shows identity, a permissible use under FRE 404. Identity, as argued by the government, is indicated because Mr. Burton will argue he could not have downloaded some of the files as he was incarcerated at the time. An evidentiary alternative exists as encouraged in FRE 403. The nature of Mr. Burton's conviction is not necessary to show he had access to devices where material was saved both prior to and after his incarceration. (Gov't Br. at 6)

Defendant argues the evidence should be excluded. If this court is inclined to disagree, at a minimum, the evidence should be limited to the conviction without details of the underlying facts included in the Petition to Enter Guilty Plea, the Probable Cause Statement as well as Mr. Burton's statements to law enforcement.

## **CONCLUSION**

Defendant respectfully requests this court exclude prior bad act evidence, specifically evidence of Mr. Burton's prior conviction as outlined in the government's notice as well as Mr. Burton's statements to law enforcement describing the facts surrounding the conviction.

Dated: February 3, 2023

                                      JOHN W. BURTON,
                                      Defendant.

By:    */s/Mona L. Burton*
          Mona L. Burton # 21696
          ANDERSON, CREAGER &
           WITTSTRUCK, P.C. LLO
          1601 Old Cheney Road
          Lincoln, NE  68512
          (402) 477-8800
          mburton@acwlaw.com
          Attorney for Defendant