IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>vs.<br><br>JOHN WADE BURTON,<br><br>               Defendant. | 4:21-CR-3020<br><br>MEMORANDUM AND ORDER |

The defendant, John Wade Burton, is set to be tried in front of this Court on one count of possession of child pornography. At a pretrial hearing on February 10, 2023, the Court heard argument in open court on a number of anticipated evidentiary issues: the defendant's prior conviction from Dekalb County, Missouri (*see* filing 53-1; filing 59); the testimony of Sean Burton (*see* filing 67 at 4); testimony regarding William Burton's prior bad acts (*see* filing 67 at 7); and various statements made by the defendant in interviews with law enforcement. The Court will address each of these issues in turn.

DEFENDANT'S PRIOR CONVICTION

Evidence of prior crimes is generally not admissible to prove a defendant's character or propensity to commit a crime. Fed. R. Evid. 404(b)(1). But, when a defendant is charged with child molestation, courts may admit evidence that a defendant committed other acts of child molestation. Fed. R. Evid. 414(a); *U.S. v. Gabe*, 237 F.3d 954, 959 (8th Cir. 2001). This evidence may be considered for any purpose for which it is relevant, even including propensity. *United States v. Splettstoeszer*, 956 F.3d 545, 547 (8th Cir. 2020). Rule 404(b)(2) allows evidence of prior bad acts only in certain circumstances, and never for propensity; so clearly Rule 414 is broader in scope. The balancing

test in Fed. R. Evid. 403 still applies to Rule 414 evidence, so this Court will exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, wasting time, or needlessly presenting cumulative evidence. *Splettstoeszer*, 956 F.3d at 547; Fed. R. Evid. 403; *see also Old Chief v. United States*, 519 U.S. 172, 184 (1997).

In 2006, the defendant pled guilty to a statutory sodomy charge in Dekalb County, Missouri. Filing 53-1 at 2. The defendant was sentenced to a term of fifteen years, and was released on parole in February 2018. Filing 53-2 at 3. The government has included in its proposed evidence a certified copy of the judgment, the defendant's handwritten petition to enter a plea of guilty, and a probable cause statement from the Dekalb County Sheriff's Office. Filing 53-1. The government further seeks to introduce a certified copy of the records pertaining to the defendant from the Missouri Department of Corrections, including the defendant's fingerprints and photograph. Filing 53-2.

Under Rule 414(a), evidence of the prior conviction is clearly admissible. Both the current charge and the alleged prior similar act meet the definitions of "child molestation" in Rule 414(d). The current charge meets the definition in Rule 414(d)(2)(B). Filing 1; 18 U.S.C. § 2252(a)(4)(B). And the prior similar crime meets the definition in Rule 414(d)(2)(C). *See* filing 53-1 at 2. Rule 404(b)(2) allows evidence of prior bad acts only in certain circumstances, and never for propensity; so clearly Rule 414 is broader in scope, and the government does not need Rule 404(b)(2) to admit the prior conviction. However, the Court must still balance the probative weight of the prior conviction evidence against the risk of unfair prejudice. *See Old Chief*, 519 U.S. at 184.

The evidence of the defendant's past child molestation is probative of the defendant's sexual interest in minors, speaking to his motive, intent, and knowledge to commit the charged crime, all of which are proper considerations for the jury under Rule 414(a). *See Splettstoeszer*, 956 F.3d at 548. While evidence of the prior conviction is prejudicial to the defendant, it is not *unfairly* so, because it is plainly allowed by Rule 414. *Id*. However, the handwritten petition and the probable cause statement are cumulative and include facts which are not particularly probative of the present offense. Instead, introducing the specific underlying facts of the defendant's guilty plea is likely to inflame the passions of the jury, considering the taboo nature of the offense.[1]

The Court will limit the evidence of the defendant's prior conviction to the certified copy of the judgment, filing 53-1 at 1-3, which plainly states the defendant pled guilty to "Statutory Sodomy – 1st Degree – Deviate Sexual Intercourse With A Person Less Than 14 Yrs Old," and to the first page of the defendant's petition to enter a plea of guilty, filing 53-1 at 4. This is sufficient to show the defendant's motive, intent, and sexual interest in minors, which is all the government needs for its case. *See Splettstoeszer*, 956 F.3d at 548. The probative value of the additional documents is substantially outweighed by the risk of unfair prejudice. And the Court does not see how the documents in filing 53-2 are relevant or probative of anything, as identity is not at issue in this case, and the parties have indicated they will stipulate as to the dates the defendant was incarcerated and paroled.

---

[1] And, the probable cause statement is inadmissible hearsay; further, this statement appears to violate the Confrontation Clause of the Sixth Amendment. *See United States v. Holmes*, 620 F.3d 836, 841 (8th Cir. 2010).

3

To further mitigate the risk of unfair prejudice from the prior conviction, the Court will give a limiting instruction to the jury prior to the introduction of the evidence, and will provide the same limiting instruction in the final jury instructions.

## SEAN BURTON'S EXPECTED TESTIMONY

The government plans to call Sean Burton, the defendant's son, to testify that he found child pornography on the defendant's computer prior to the defendant's prison sentence in 2006. Filing 67 at 4. The defendant objects to this testimony on the basis of Rule 403.

Sean Burton's testimony is relevant for several reasons. First, it is evidence that the defendant violated 18 U.S.C. chapter 110, and meets the definition of child molestation in Rule 414(d)(2)(B), so it can be considered on any matter to which it is relevant under Rule 414, as described above. And, the timing issue in this case further provides relevance to Sean Burton's expected testimony. The parties apparently disagree about when certain child pornography files were possessed, and whether those actions happened while the defendant was incarcerated.

The defendant argues that Sean Burton's testimony is not relevant because, to the extent the government intends to rely on the testimony to show that the child pornography charged in the indictment was downloaded prior to the defendant's incarceration, such an action would be outside the statute of limitations. Filing 67 at 3. But, as the government pointed out, possession is a continuous offense. *See United States v. Lemon*, 590 F.3d 612, 614 (8th Cir. 2010). The defendant is charged in count 1 of the indictment with possession, not acquisition, of child pornography. 18 U.S.C. § 2252(a)(4)(B); filing 1.

4

Evidence that someone saw some child pornography on the defendant's computer has the tendency to make a material fact, that the defendant downloaded child pornography before being incarcerated, more probable than without such testimony. *See* Fed. R. Evid. 401. And the defendant would not be unfairly prejudiced by such testimony. *Splettstoeszer,* 956 F.3d at 548. This Court will not exclude Sean Burton's testimony about seeing child pornography on his father's computer prior to the defendant's incarceration in 2006. To mitigate any risk of unfair prejudice, the Court will give a limiting instruction prior to Sean Burton's testimony.

## PRIOR BAD ACTS BY WILLIAM BURTON

The defendant's theory is expected to be that someone else, namely the defendant's father, William Burton, is the person responsible for possessing child pornography. To support this theory, the defendant intends to put on three witnesses expected to testify that William Burton engaged in sexually deviant behaviors, including allegations that he engaged in child molestation, and that he sexually assaulted or harassed adults. *See* filing 67 at 6-7. The government does not object to the witnesses expected to testify about William Burton's actions involving minors. However, the government argues that William Burton's prior bad acts involving adults lack probative value and are not relevant. The Court agrees.

Rule 414 only applies to prior bad acts committed by a defendant. So, to introduce evidence of another person's prior bad acts, even those related to child molestation, the introducing party must rely on the exceptions outlined in Rule 404(b)(2). That is, evidence of a person's prior bad act may be admitted only if it is related to that person's "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Rule

5

404(b)(2). And, such evidence will only be admitted if it is relevant, proved by a preponderance of the evidence, similar in kind and close in time to the charged offense, and is higher in probative value than in prejudicial effect. *United States v. Gipson*, 446 F.3d 828, 831 (8th Cir. 2006).

If William Burton were a defendant charged with possession of child pornography, evidence of the assault on an adult would not be admissible even under the more liberal standard in Rule 414. The rules of evidence make a distinction between sex crimes against adults and sex crimes against children, so it naturally follows that a person's sex crimes against an adult are less probative of a person's sexual interest in children. *Compare* Fed. R. Evid. 413 *and* Fed. R. Evid. 414; *see also, e.g., Splettstoeszer*, 956 F.3d at 548. Considering the defendant's other witnesses, who are more relevant to the specific issues in this case, testimony regarding bad acts involving adults would be cumulative (at best), and would have the potential of misleading the jury. Therefore, the defendant will not be permitted to put on evidence regarding William Burton's sexual harassment or assault of adults.

But, as the government concedes, the prior acts towards minors are admissible under Rule 404(b)(2), as they speak to William Burton's sexual interest in children and are relevant to who possessed the child pornography at issue in this case. Any hearsay objections to statements William Burton allegedly made to the witnesses will be ruled upon as necessary during the trial, in the context of their testimony.

## STATEMENTS BY DEFENDANT

The defendant made two statements to law enforcement – one after the search warrant was executed on the defendant's home on November 17, 2020, with Special Agent Jeff Tarpinian, and one later, at a polygraph interview, on

December 8, 2020, with Lara Zeisler. Assuming such statements were voluntary, which the Court will resolve after the scheduled 18 U.S.C. § 3301 (*Jackson v. Denno*) hearing on February 13, 2023, some matters discussed by the defendant in these statements are inadmissible because they lack relevance.

The government has indicated it does not intend to reference money paid by the defendant to the victim of his prior conviction in Missouri. The government has also indicated it will not reference the polygraph test, or use the word polygraph while testifying about the defendant's statement. And, to the extent that Mr. Tarpinian is both an expert witness and a fact witness for the government, the government will ensure that Mr. Tarpinian makes clear on which issues he is testifying as to his expertise, and which he is testifying as a fact witness.

The defendant wants to offer evidence of an assault that occurred while the defendant was incarcerated in Missouri. The government objects to this under Rule 403 because the evidence lacks relevance and is likely to confuse the jury. The Court agrees. The defendant argues this assault is relevant to his defense because it provides a reason why the defendant would want to stay out of prison, and why the defendant would not possess child pornography. The Court is not convinced that the probative value of this testimony amounts to much of anything, and it is substantially outweighed by the danger of confusing the jury on the issues in this case. *See* Fed. R. Evid. 403. Therefore, references to the alleged sexual assault on the defendant will not be admitted.

Other voluntary statements by the defendant in these interviews and in the government's Exhibit 79 will be admissible. Statements by the defendant are not hearsay under Fed. R. Evid. 801(d)(2), and these statements are all relevant to the present action.

IT IS ORDERED:

1. The government's motion to offer evidence (filing 55) is granted in part and denied in part.

2. The defendant's motion in limine (filing 58) is granted in part and denied in part.

Dated this 10th day of February, 2023.

BY THE COURT:

John M. Gerrard
Senior United States District Judge