IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>JOHN WADE BURTON,<br><br>        Defendant. | 4:21-CR-3020<br><br>TENTATIVE FINDINGS |

The Court has received the presentence investigation report and addendum in this case. The defendant has objected to the presentence report (filing 102) and moved for a downward departure or variance (filing 103). The government has also objected to the presentence report (filing 99).

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c)    impose upon the United States the burden of proof on all Guidelines enhancements;

    (d)    impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e)    depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has objected to the presentence report in several respects and has asked for a downward departure or variance. The government has also filed an objection.

    (a)    First, the defendant objects to the assessment of a two-level enhancement to the offense level pursuant to U.S.S.G. § 2G2.2(b)(2) for possessing images of prepubescent children engaged in explicit sexual conduct, and a four-level enhancement pursuant to § 2G2.2(b)(4) because the offense involved material portraying sadistic or masochistic conduct, or involved an infant or toddler. The defendant is not challenging the government's description of what the images contain, but instead is challenging whether the evidence sufficiently shows that it was *the defendant* in possession of these images rather than the defendant's father, William Burton. Filing 104 at 1-2. At present, the government's evidence, and the jury's verdict, appear to support these

enhancements, but the Court will make a final determination at sentencing.

On similar grounds, the defendant objects to a two-level enhancement pursuant to § 2G2.2(b)(3)(F) for knowingly engaging in distribution of child pornography. Filing 104 at 1-2. That enhancement applies if, among other things, the defendant "knowingly committed the distribution" or "aided, abetted, counseled, commanded, induced, procured, or willfully caused the distribution." § 2G2.2 cmt. n.2. The defendant appears to argue that both he and William Burton used the peer-to-peer file-sharing Tor network, and "there is no image or evidence of any image or video of child pornography the [d]efendant actually distributed to anyone." Filing 104 at 2.

This enhancement must be decided on a case-by-case basis, and the government bears the burden of proving it. *United States v. Durham*, 618 F.3d 921, 931 (8th Cir. 2010). At the very least, the government must present evidence that the defendant actually uploaded and downloaded files using his file-sharing program. *See United States v. Dolehide*, 663 F.3d 343, 348 (8th Cir. 2011); *United States v. Mayokok*, 854 F.3d 987, 991 (8th Cir. 2017). But "[a]bsent concrete *evidence* of ignorance—evidence that is needed because ignorance is entirely counterintuitive—a fact-finder may reasonably infer that the defendant knowingly employed a file sharing program for its intended purpose." *United States v. Dodd,*

598 F.3d 449, 452 (8th Cir. 2010).[1] Accordingly, the Court will resolve this issue at sentencing.

Finally, the defendant objects to a two-level enhancement pursuant to U.S.S.G. § 3C1.1 for obstruction of justice, specifically perjury. Filing 104 at 2-3. For an obstruction of justice adjustment to be based on perjury, the Court must make a finding that encompasses all of the factual predicates for a finding of perjury, and it's preferable for the Court to address each element in a separate and clear finding. *See United States v. Gomez-Diaz*, 911 F.3d 931, 936 (8th Cir. 2018). "Perjury" is (1) false testimony under oath, (2) concerning a material matter, (3) with the willful intent to provide false testimony (as opposed to confusion, mistake, or faulty memory). *See United States v. Dunnigan,* 507 U.S. 87, 94 (1993); *United States v. Reed,* 978 F.3d 538, 544 (8th Cir. 2020). And the government must show those elements by a preponderance of the evidence. *See United States v. Felicianosoto,* 934 F.3d 783, 787 (8th Cir. 2019), *cert. denied,* 140 S. Ct. 2644 (2020). Accordingly, the Court will also resolve this issue at

---

[1] The Court is aware that at the time of *Dodd*, § 2G2.2(b)(3)(F) didn't include an express scienter requirement, and that the Eighth Circuit has subsequently found it "unnecessary" to decide whether *Dodd* is consistent with the amended guideline. *See United States v. Martinez,* 970 F.3d 986, 989 (8th Cir. 2020); *United States v. Nordin,* 701 F. App'x 545, 547 (8th Cir. 2017). But until the Eighth Circuit revisits it, this Court considers itself bound by *Dodd*'s clear holding: that knowing distribution is permissibly inferred from the defendant's use of a file-sharing program, in the absence of evidence that the defendant *didn't* know how it worked. *See Dodd,* 598 F.3d at 452; *accord United States v. Esqueda,* 599 F. App'x 608, 609 (8th Cir. 2015); *United States v. Chase,* 717 F.3d 651, 654 (8th Cir. 2013); *United States v. Dolehide,* 663 F.3d 343, 347 (8th Cir. 2011).

      sentencing based on the trial record and additional evidence submitted.

(b)     The defendant has also moved for a downward departure or variance based on his personal circumstances, the circumstances of the offense, and this Court's decision in *United States v. Abraham,* 944 F. Supp. 2d 723 (D. Neb. 2013). Filing 103. It appears to the Court that these circumstances are best considered in the context of a potential variance.[2] *See Abraham,* 944 F. Supp. 2d at 727. The Court will resolve that motion at sentencing.

(c)     The government has also objected to the presentence report, and asks to apply a five-level enhancement under U.S.S.G. § 2G2.2(b)(5) for engaging in a pattern of activity involving sexual abuse or exploitation of minors. Filing 99. This enhancement requires

> any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct.

---

[2] The defendant appears to use the terms "departure" and "variance" interchangeably, but they mean very different things. The term "departure" is a term of art under the Guidelines and refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines. As opposed to a "departure," a "variance" refers to a non-Guidelines sentence based on the factors enumerated in § 3553(a). *United States v. Lozoya,* 623 F.3d 624, 625-26 (8th Cir. 2010).

§ 2G2.2 cmt. n.1. And "sexual abuse or exploitation" includes conduct described in several enumerated offenses as well as attempt or conspiracy to commit any of those offenses. § 2G2.2 cmt. n.1.

Repeated sexual abuse of minors—including just inappropriate touching—qualifies. *See United States v. Burns,* 834 F.3d 887, 890 (8th Cir. 2016). The Court received evidence at the defendant's trial that the defendant previously pled guilty to, and was convicted of, sexually assaulting a minor. The government intends to proffer additional evidence regarding other assaults of that same minor, based on written statements by both the victim and the defendant. Such evidence could be sufficient to support applying this enhancement. *See United States v. Acosta,* 619 F.3d 956, 962 (8th Cir. 2010); *see also United States v. Alvarez,* 478 F.3d 864, 868 (8th Cir. 2007).

At present, the government's evidence appears to support the 5-level § 2G2.2(b)(5) enhancement. But the Court will make a final determination on this enhancement at sentencing.[3]

---

[3] Nothing in this Order is meant to encourage the parties to present additional evidence, or to "retry" this case. The Court is very familiar with this case from the trial record, and heard from the defendant and the case agent (among many others) at trial. The issues presented here were well-contested at trial and, in the Court's view, are ripe for disposition without additional evidence. But at the very least, any additional evidence should be narrowly focused on information relevant to the Guidelines calculation and § 3553(a) factors, and the Court may help the parties narrow their focus if it proves necessary. *See United States v. Jones,* 643 F.3d 275, 277 (8th Cir. 2011); *United States v. Delpit,* 94 F.3d 1134, 1154 (8th Cir. 1996).

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 6th day of June, 2023.

BY THE COURT:

*John M. Gerrard* (signature)
John M. Gerrard
Senior United States District Judge